## WILSON & CO. v. BAXTER.   (No. 2079.)

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1927.

**Principal and surety ⊜⟹51—In absence of agreement therefor, employer need not release employee and surety on bond on termination of employment.**

In absence of agreement of employer to release on termination of employment, the employee and the sureties on his bond theretofore given guaranteeing the faithful performance of the duties of his employment, the employer is under no duty to give such release, but the bond remains effective for the purpose of protecting the employer from any breach of its obligation occurring prior to termination of employment.

Appeal from Dallas County Court at Law, No. 2; Wm. M. Cramer, Judge.

Action by S. H. Baxter against Wilson & Co. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Dempsey, Nesmith & Parker, of Dallas, for appellee.

HIGGINS, J. Baxter sued Wilson & Co., alleging, briefly stated, the following facts, viz.: May 1, 1921, plaintiff entered into a contract with defendant to sell the latter's goods at a salary of $35 per week plus his expenses and a certain percentage of the net profits on the business produced by him; 3 per cent. of his weekly earnings were to be deducted and deposited with defendant in the Wilson pension fund, which was to be returned to plaintiff upon termination of the contract, which contract was from week to week; plaintiff was to furnish a surety bond to guarantee the faithful performance of his duties, and upon the termination of the relations between them defendant was to release plaintiff and his sureties from any liability under the bond; on June 9, 1923, plaintiff severed his relations with defendant, at which time defendant was indebted to him in the sum of $322.07, less a credit of $100; upon the termination of the employment defendant failed and refused to release plaintiff and the sureties upon such bond, in consequence of which plaintiff was damaged in the sum of $500. As to this latter item it was further alleged that plaintiff's new employer, Morris & Co., required of him a bond with the National Surety Company as surety, and upon application therefor to said company it rejected his application for the alleged reason that he was indebted to his previous employer, which was false; he was thereby compelled to furnish Morris & Co. a bond with personal sureties, and in so doing he was compelled to make certain trips at an expense of $500 and was suspended for three weeks by Morris & Co. from his employment by them and thereby lost $100 in earnings.

Defendant answered by exceptions, general and special, to that portion of the petition seeking to recover $500 damages; by general denial and special answer setting up an offset to the plaintiff's entire demand; the plea alleging that plaintiff was negligent and derelict in the discharge of his duties whereby defendant had been damaged in the sum of $407.73, the items thereof being specifically pleaded.

The case was submitted upon special issues, all of which were answered in the plaintiff's favor, and upon which judgment in his favor was rendered for $522.07, of which amount $300 represented damages sued for.

Wilson & Co. appeal. It makes no complaint of the allowance of the $222.07. It assigns error only to the allowance of the item of $300 damages.

By proper assignments and propositions it complains of the complete failure by the plaintiff to prove any agreement to release plaintiff and the sureties upon his bond as alleged, the breach of which alleged agreement is made the basis of the suit for damages. Appellee's reply thereto is that it was unnecessary to prove such agreement because it was admitted in appellant's pleadings and evidence; further, that the law implies a duty on one who has required another to give surety for a certain undertaking to release said surety upon the fulfillment of the undertaking.

Appellee does not refer us to that portion of the record where the asserted admission may be found. We have, however, examined the record and find no such admission by appellant either in its pleadings or evidence. Nor are we familiar with any rule of law which makes it the duty of an employer, upon the termination of an employment contract, to release the employee and his sureties upon a bond theretofore given by the employee guaranteeing the faithful performance of the duties of his employment. In the absence of an agreement to the contrary, the bond remains effective for the purpose of protecting the employer from loss caused by any breach of its obligation occurring prior to the termination of the employment contract.

There being no evidence of an agreement to release the plaintiff and his surety as alleged, there is no basis for the recovery of the item of $300 damages.

This renders it unnecessary to consider the other propositions presented by appellant.

Reversed and rendered by eliminating the item of $300, and judgment here rendered in favor of appellee for $222.07, with interest as prayed for in the petition.

Reversed and rendered.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes